**PEARSON EDUCATION, INC., John Wiley & Sons, Inc., Cengage Learning Inc., The McGraw–Hill Companies, Inc., Plaintiffs–Appellees,**

v.

**Virender YADAV, Sukwinder Singh, dba Modern Books, dba Express Books, John Does 1–5, Defendants,**

**Vinod Kumar, Dart Air, Inc., dba Unique Books, dba Jhon Book Store, dba Modern Books, DCA Express-books06, dba Express Books, dba Qualityinstruments400, Defendants–Appellants.**

No. 10–2610–cv.

United States Court of Appeals, Second Circuit.

Sept. 19, 2011.

Vivek Suri, New York, NY, for Appellants.

William Dunnegan (Laura Scileppi, on the brief), Dunnegan LLC, New York, NY, for Appellees.

PRESENT: JOSEPH M. MCLAUGHLIN, GUIDO CALABRESI, REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Defendants Vinod Kumar and Dart Air, Inc. appeal from the district court's entry of final judgment pursuant to Fed.R.Civ.P. 54(b) for plaintiffs Pearson Education, Inc., John Wiley & Sons, Inc., Cengage Learning Inc., and the McGraw Hill Companies, Inc. on their claims that defendants' resale in the United States of textbooks manufactured by plaintiffs in India infringed plaintiffs' United States copyrights in the domestic versions of those textbooks. *See* 17 U.S.C. §§ 106(3), 501, 602(a). On this appeal, defendants argue that the district court erred in failing to recognize that the first sale doctrine, *see* 17 U.S.C. § 109(a), shields the purchaser of a copyrighted work produced outside the United States from an infringement claim based on the importation and resale of the work in the United States. We assume the parties' familiarity with the facts and record of proceedings, which we need not discuss in order to affirm.

Defendants' argument on appeal presents a question of law that we review *de novo*. *See United States v. Gravel,* 645 F.3d 549, 551 (2d Cir.2011). At the time of the district court's decision, that question of law had not been resolved by this court. Recently, however, this court decided *John Wiley & Sons, Inc. v. Kirtsaeng,* 654 F.3d 210, 2011 WL 3560003 (2d Cir.2011), which holds, as a matter of law, that the first sale doctrine does not apply under the circumstances of this case. *See id.* at 222–23, at

12

*8. Defendants argue that *John Wiley & Sons* is wrongly decided. This panel, however, is bound by the holding of that case unless it is reversed by the Supreme Court or by this court *en banc*. *See Hutchison v. Deutsche Bank Securities Inc.*, 647 F.3d 479, 488 (2d Cir.2011). In sum, because defendants' argument is now defeated by the law of this circuit, their appeal fails on the merits.

Defendants raise no other arguments on appeal. Accordingly, the May 26, 2010 judgment of the district court is AFFIRMED.